# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURNSIDE TOWNSHIP BOARD OF SUPERVISORS, | ) ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) JUDGE _____ |
| v. | ) ) MAG. JUDGE _____ |
| ENERPLUS RESOURCES (USA) CORPORATION and TESLA-CONQUEST, INC., | ) ) **NOTICE OF REMOVAL** ) ) |
| Defendants. | ) |

Defendants Enerplus Resources (USA) Corporation ("Enerplus") and Tesla-Conquest, Inc. ("Tesla"),[1] by and through their undersigned counsel, hereby give notice that this action is removed from the Court of Common Pleas of Centre County, Pennsylvania, where it was docketed at 755-2012. The grounds for removal are set forth below.

1. On information and belief, Plaintiff, the Burnside Township Board of Supervisors (the "Township"), filed this action in the Court of Common Pleas of Centre County, Pennsylvania on or about February 24, 2012. Enerplus and Tesla are the only named defendants.

2. Enerplus was served with the Complaint on March 2, 2012 by transmittal, via Federal Express International Priority. *See* Exhibit A for a copy of the Complaint.

---

[1] Tesla-Conquest, Inc. underwent a name change prior to being served in the state court matter and is now known as Tesla Exploring, Inc.

3. Tesla was served with the Complaint on March 2, 2012, by transmittal, via personal service on its registered agent.

4. Diversity jurisdiction provides a basis for removal to this Court. *See* 28 U.S.C. §§ 1332; 1441(b); 1446.

5. The Township is a Township of the Second Class located in Centre County, Pennsylvania.

6. Enerplus is a Delaware Corporation with its principal place of business in Denver, Colorado.[2]  *See* Complaint, ¶2; Exhibit B, Certificate of Authority from Pennsylvania Department of State. [3]

7. Tesla is a Delaware Corporation with its principal place of business in Greenwood Village, Colorado.  *See* Complaint, ¶3.

---

[2]  A defendant's citizenship is not determined by Plaintiff's allegations. *Pullins v. Stihl, Inc.*, Civ. A. No. 03-CV-5343, 2004 U.S. Dist. LEXIS 9424, at *4 n.1 (E.D. Pa. May 21, 2004) ("Defendant's citizenship is not determined by Plaintiff's allegations.  Defendant has stated that it is incorporated in Delaware and has its principal place of business in Virginia, and Plaintiff has provided the Court with no evidence to the contrary.").

[3]  Since a removing party bears the burden of proving that diversity of citizenship exists, a party may submit as evidence documents establishing complete diversity between the parties. *Bazaar v. Peck*, Civ. A. No. 96-3613, 1996 U.S. Dist. LEXIS 19693, at *4, *9 (E.D. Pa. Dec. 30, 1996).  *See also Reiff v. Convergent Techs.*, Civ. A. No. 95-3575, 1995 U.S. Dist. LEXIS 15535, at *6-9 and n.3 (D.N.J. Oct. 20, 1995) ("If [plaintiffs] had any doubts as to whether New Jersey is the defendants' principal place of business, they could have researched the issue and presented evidence of lack of diversity to the court.").  Per local rule 7.8(d), unpublished opinions are attached.

8. In order to properly remove an action to the federal district court, complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). Diversity of citizenship is determined at the time the action is filed. *See Freeport-McMoran Inc. v. K.N. Energy Inc.*, 498 U.S. 426, 428 (1991).

9. A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Thompson v. Nat'l Mentor Healthcare LLC*, 3:11-CV-568, 2011 WL 1256652, at *1 (M.D. Pa. Apr. 11, 2011) (Caputo, J.); *Louis Dolente & Sons v. U.S. Fid. & Guar. Corp.*, 252 F.Supp. 2d 178, 180 (E.D. Pa. 2003). Here, Defendant Enerplus is a citizen of Delaware (incorporated there) and Colorado (principal place of business there). Defendant Tesla is a citizen of Delaware (incorporated there) and Colorado (principal place of business there).

10. The Township is a citizen of Pennsylvania.

11. Upon information and belief, as Plaintiff has alleged, the amount in controversy exceeds $75,000, exclusive of costs and interest.

12. Accordingly, diversity jurisdiction exists.

13. Therefore, this action has been removed properly, as it is based upon diversity jurisdiction.

14. Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

15.     Promptly after filing with this Honorable Court, a copy of this Notice of this Removal will be filed with the Court of Common Pleas of Centre County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, notice is given that this action has been removed to this Court.

Date:  March 30, 2012                              Respectfully submitted:

| */s/ Jeremy A. Mercer*  <br>Jeremy A. Mercer, Esq. (PA 86480)  <br> jmercer@fulbright.com  <br>  <br>Fulbright & Jaworski  LLP  <br>Southpointe Energy Complex  <br>370 Southpointe Boulevard, Suite 300  <br>Canonsburg, Pennsylvania  15317  <br>Tel:   724-416-0400  <br>Fax:  724-416-0404  <br>  <br>Counsel for Defendant *Enerplus Resources (USA) Corporation* | */s/ William C. Foster (per consent)*  <br>William C. Foster (PA 03511)  <br>  wcfoster@mdwcg.com  <br>  <br>Marshall, Dennehey, Warner, Coleman & Goggin  <br>1845 Walnut Street  <br>Philadelphia, Pennsylvania 19103  <br>Tel:   215-575-2600  <br>Fax:  215-575-0856  <br>  <br>Counsel for Defendant *Tesla-Conquest, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 30, 2012, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically.  The undersigned also certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** is being served, via first-class United States mail, postage prepaid, this 30th day of March, 2012, upon the following:

>Adam J. Witmer, Esq.
>MILLER, KISTLER & CAMPBELL
>124 N. Allegheny Street
>Bellefonte, Pennsylvania  16823
>
>*Counsel for Plaintiff*
>
>
>William C. Foster, Esq.
>Marshall, Dennehey, Warner, Coleman & Goggin
>1845 Walnut Street
>Philadelphia, Pennsylvania 19103
>
>*Counsel for Defendant Tesla-Conquest, Inc.*
>
>
>     */s/ Jeremy A. Mercer*
>Jeremy A. Mercer, Esq. (PA 86480)
>  jmercer@fulbright.com
>
>FULBRIGHT & JAWORSKI  LLP
>Southpointe Energy Complex
>370 Southpointe Boulevard, Suite 300
>Canonsburg, Pennsylvania  15317
>Tel:   724-416-0400
>Fax:   724-416-0404
>
>Counsel for Defendant *Enerplus Resources (USA) Corporation*